**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTION M. LONG, *et al.*,

    Plaintiffs,

v.                                                                              No. 24-cv-477 KWR/JFR

FNU HAGGERTON, Warden, *et al.*,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court on Plaintiff Antion M. Long's post-judgment filings – Amended Complaint (Doc. 52); Motion to Proceed Under 28 U.S.C. § 1915 (Doc. 53) (IFP Motion); and Motion to Extend Time to File Six-Month Account (Doc. 54). Plaintiff is proceeding *pro se* and was incarcerated when this action was initiated. Having considered the record and relevant law, the Court directs the Clerk's Office to open a new case using the Amended Complaint (Doc. 52) as the opening pleading, and denies the pending motions (Docs. 53 and 54) without prejudice.

In an Order entered January 17, 2025, the Court found that joinder of the lawsuits filed by the multiple inmate-plaintiffs in this case is impractical. (Doc. 42). The Court permitted the primary filer – Plaintiff Long – to proceed, and directed Long to file an amended complaint limited solely to his own claims, as well as an inmate account statement to support his IFP Motion. *Id.* Plaintiff Long did not comply, show cause for such failure, or otherwise respond to the Order by the deadline set by the Court. Consequently, on March 14, 2025, the Court dismissed the case

without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's orders.   (Docs. 50 and 51) (Order of Dismissal and Final Judgment).

Thereafter, on March 24, 2025, Plaintiff Long filed an Amended Complaint (Doc. 52), IFP Motion (Doc. 53), and Motion to Extend Time to File Six-Month Account (Doc. 54).   To the extent Plaintiff seeks to reopen this case, the Court considers the request under Fed. R. Civ. P. 59(e).   *See Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (explaining a motion to reconsider filed within 28 days after entry of the final judgment is generally analyzed under Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (same).   Grounds for reconsideration under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff has not made any arguments to reopen the case and has not demonstrated the case should be reopened based on new law or evidence.   Moreover, there is no injustice because Petitioner can refile his claims in a new case.   The Court will therefore deny relief, to the extent Plaintiff seeks to reopen the instant case under Rule 59.   However, the Court will direct the Clerk's Office to open a new § 1983 case using the Amended Complaint (Doc. 52) as the opening pleading. The Court will deny the pending IFP Motion (Doc. 53) and Motion to Extend Time to File Six-Month Account (Doc. 54) without prejudice.   Plaintiff must pursue *in forma pauperis* relief by filing a separate motion in the new case.   *See Bruce v. Samuels*, 577 U.S. 82 (2016) (explaining plaintiffs must apply for *in forma pauperis* relief in each separate case).   The Court will direct the Clerk's Office to send Plaintiff a blank motion to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that the Clerk's Office shall open a new case using Plaintiff's Amended Complaint (**Doc. 52**) as the opening pleading, and shall send Plaintiff a blank motion to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Under 28 U.S.C. § 1915 (**Doc. 53**) and Motion to Extend Time to File Six-Month Account (**Doc. 54**) shall be **DENIED without prejudice**.   Plaintiff may seek *in forma pauperis* relief in the new case.

\_\_\_\_\_/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE